OPINION
Plaintiff-appellant Raymond Angles brought an age discrimination suit against his employer, defendant-appellee Sears, Roebuck and Co. The Miami County Court of Common Pleas rendered summary judgment for Sears, and Angles appeals. Angles contends that the trial court erred in finding that he failed to demonstrate that the stated reason for the discharge was a pretext.
We conclude that the summary judgment is supported by the record because Angles failed to raise a genuine issue of fact upon which reasonable minds could find in his favor. Accordingly, the judgment of the trial court is Affirmed.
 I
In August, 1996, Angles was hired as an associate in the lawn and garden department of the Sears Hardware Store located in Troy. A few weeks after his start date, Angles was offered the position of assistant manager in his department. As the assistant manager of the lawn and garden department, Angles reported directly to the store manager, Kevin MacGuire.
On January 11, 1997, Angles was summoned to the store office where MacGuire and the Sears District Manager, Clint Winterhalter handed him a written notice of termination. The stated grounds for the termination were that Angles had called a female store associate a "bitch," and had attempted to remove another female associate's name tag from her shirt without her permission. At the termination meeting, Angles denied the accusations. At the time of the termination, Angles was fifty-five years of age. His position was subsequently filled by Steve Daniel, who was twenty-nine years old.
Angles filed a complaint against Sears for employment discrimination in the Miami County Court of Common Pleas. On July 16, 1997, Sears removed the case, alleging diversity of parties, to the United States District Court for the Southern District of Ohio, at Dayton. After some discovery was conducted, the case was remanded to state court, upon a finding of a lack of diversity.
After the matter was remanded to Miami County, Sears filed a motion for summary judgment alleging that Angles had not been qualified for his job and that there was a legitimate, nondiscriminatory reason for discharging him. The motion was supported by affidavits and deposition testimony. Angles opposed the motion, claiming that he was qualified for his job and that the stated reason for the discharge was pretextual. The trial court rendered summary judgment, concluding that Angles had failed to provide evidence to establish that Sears's stated basis for discharging him was a pretext. Angles appeals.
 II
Angles's sole Assignment of Error states as follows:
 IN THIS CASE OF EMPLOYMENT DISCRIMINATION ON THE BASIS OF AGE, THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF BY CONCLUDING THAT PLAINTIFF FAILED TO ESTABLISH THAT DEFENDANT'S STATED REASON FOR TERMINATION WAS A PRETEXT WHEN PLAINTIFF DENIED THE ALLEGATIONS MADE AGAINST HIM AND WHEN PLAINTIFF DEMONSTRATED A LACK OF GOOD FAITH BY DEFENDANT IN INVESTIGATING ALLEGED WORKPLACE MISCONDUCT AND IN IMPOSING UNDULY HARSH DISCIPLINE UNDER THE CIRCUMSTANCES.
Angles argues that the trial court incorrectly found that he failed to sustain his burden of proof for the establishment of an age discrimination claim.
We begin with a discussion of the standard of proof applicable to this case. In the absence of direct evidence of age discrimination, an employee must establish a prima facie case of discrimination. To do so, the employee must show that: (1) he was a member of a statutorily protected class; (2) he was discharged; (3) he was qualified for the job or position from which he was discharged; and (4) he was replaced by, or his discharge permitted the retention of, a person not belonging to the protected class. Kohmescher v. Kroger Co. (1991), 61 Ohio St.3d 501, syllabus.
Once the employee has established a prima facie case of age discrimination, the burden then shifts to the employer, who must set forth a legitimate, nondiscriminatory reason for the employee's dismissal. Plumbers Steamfitters JointApprenticeship Commt. v. Ohio Civil Rights Commission (1981),66 Ohio St.2d 192, 197. "The employer's burden regarding the legitimate nondiscriminating rationale is one of production only," because the employee bears the burden of persuasion on the ultimate issue of discrimination. Manofsky v. Goodyear Tire Rubber Co. (1990), 69 Ohio App.3d 663. After the employer has articulated a legitimate and nondiscriminatory reason for the employee's termination, the employee must raise a question of fact whether those reasons are merely a pretext for impermissible discrimination. Plumbers at 198.
It is undisputed that Angles, who was fifty-five years of age when he was discharged by Sears, was a member of the statutorily protected class. The trial court found that he was qualified for the position from which he was discharged. It is also undisputed that he was discharged, and that he was replaced by a person not belonging to the protected class.
The trial court found that Angles had established a primafacie case of age discrimination, but that Sears had met its burden to articulate a legitimate, nondiscriminatory reason for the discharge. Thus, the issue before the court was whether Angles had presented evidence that the stated reasons for discharge were a pretext for impermissible discrimination. The trial court concluded that Angles had failed to present evidence of pretext, and therefore held that Sears was entitled to summary judgment as a matter of law.
The standard of review in summary judgment cases is well-established. "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370.
The issue before this court is whether the trial court erred in finding that Angles failed to create a genuine issue of fact in regard to his claim that the stated reason for the discharge was pretextual.
Angles contends that he adequately refuted the stated reason for the termination by showing that Sears "conducted its `investigation' in bad faith."
We turn first to the issue of whether Sears conducted a proper investigation into the matter. The record before us indicates that a female associate complained to Sears management about Angles's behavior toward her. Specifically, Ronda Furlong Slusher testified by deposition that Angles had called her "bitch" and "cunt," and that he grabbed her name tag on her shirt without her permission and told her that she could either leave or that he would fire her. She testified that she complained to the district manager, Winterhalter, about the incident.
The record further shows that Winterhalter initiated an investigation into the incident. During the investigation, three other associates were interviewed. One associate, Angela Eyler, who also testified by deposition, stated that she was interviewed and that she informed management that she had observed Angles grabbing Slusher's name tag. During the interview, Eyler informed management that Angles had also called Eyler a "bitch" numerous times. Steven Daniel, the Sears employee who replaced Angles, was also interviewed. He testified that he had observed Angles call Eyler a bitch on one occasion. Finally, Jim Malone was interviewed, and he informed management that he had not observed any improper behavior. The record also indicates that MacGuire telephoned Angles to ask him "what was going on" with Slusher.
Angles claims that this investigation was not sufficient. Instead, he contends that Sears should have complied with guidelines set forth by the Equal Employment Opportunity Commission for the investigation, and discipline, of sexual harassment claims. See, Section V(C)(1)(e)(i), EEOC Guidance on Vicarious Employer Liability for Unlawful Harassment by Supervisors, Policy Statement No. 876, 8 Fair Employment Practices Manual 405:7651 (BNA) (1999), which provides in part that "[w]hen detailed fact-finding in necessary, the investigator should interview the complainant, the alleged harasser and third parties who could reasonably be expected to have relevant information."
We note that, as admitted by Angles, the cited guidelines did not become effective until June 18, 1999, well after this matter was concluded, and thus, have no bearing on this case. Furthermore, as stated above, the record establishes that Sears did interview the complainant, third parties, and at least questioned Angles about Furlong. Therefore, it appears that Sears substantially complied with the cited guidelines, even though they were not yet in force.
Even if the EEOC guidelines had been in force, and Sears had failed to comply with them, that would not necessarily have rendered pretextual the decision to discharge Angles. Under extreme circumstances, we can see that a failure to conduct any kind of a reasonable investigation of charges, of doubtful validity, by a co-employee against another employee might support a reasonable inference that the employer's reliance upon the charges as the reason for a discharge was pretextual, but the circumstances in the case before us fall far short of supporting a reasonable inference of that kind.
Angles next contends that he demonstrated pretext by showing that Sears acted in bad faith by imposing harsh discipline with "absolutely no prior history." He again cites the EEOC guidelines referred to above, which indicate that when the alleged harassment is "* * * minor, such as a small number of `off color' remarks by an individual with no prior history of similar misconduct, then counseling and an oral warning might be all that is necessary." Id., at Section V(C)(1)(f). Again, Sears was not bound by these guidelines, and its failure to have followed them does not render its discharge pretextual. Moreover, we do not view the alleged misconduct as minor.
Finally, Angles refutes the stated reason for the discharge by denying that he engaged in the alleged behavior with the associates. He also contends that his denial is bolstered by the fact that Sears knew that Slusher's allegations and Eyler's corroboration were suspect because management knew that Slusher was a "chronic troublemaker" and that Eyler was her close personal friend.
Angles contends that by denying the conduct and by questioning the sources of the allegations, he has effectively raised a question of fact whether the discharge was for a legitimate reason. We disagree. The relevant inquiry in this case is whether Sears discharged him because of the allegations of misconduct, or whether it discharged him because of his age. From the record before us, we conclude that Angles has simply failed to demonstrate any evidence that would indicate that Sears caused the employees to make the allegations, that it had any reason to doubt the allegations, or that it discharged him for any reason other than those allegations.
Where an employer discharges an employee because of alleged misconduct, it is not competent, in a complaint of age discrimination, to prove that the alleged misconduct did not occur. Even if the employer is incorrect in concluding that the misconduct occurred, if it discharges the employee because of the alleged misconduct, its reason for the discharge is neither discriminatory nor pretextual. Otherwise, courts would be impressed into the business of reviewing the factual accuracy of employers' honest, good-faith decisions involving the discharge of employees for misconduct, and that is not the intent of the laws prohibiting age discrimination.
We conclude that summary judgment was properly rendered in favor of Sears because Angles failed to produce sufficient evidence to create a genuine dispute of material fact whether the stated reason for his discharge was pretextual. Accordingly, his sole Assignment of Error is overruled.
 III
Angles's sole Assignment of Error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ., concur.